The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 8, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 8, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10881 |
| | ) | |
| DANIELLE C. SMITH, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's request for damages stemming from creditor Exeter Finance's purported delay in returning the debtor's vehicle, which had been repossessed before the debtor filed for Chapter 13 relief. The debtor alleges that the creditor willfully violated the automatic stay by failing to return the vehicle until six days after the debtor filed her petition. Exeter Finance maintains that it released the vehicle for pickup three days after the petition date. For the reasons that follow, the Court finds that, based upon the

---

[1] This opinion is not intended for official publication.

current record, Exeter Finance did not willfully violate the automatic stay of 11 U.S.C. § 362 and awards no damages, including attorney's fees, under § 362(k).

Nevertheless, because the debtor has not waived her right to an evidentiary hearing, the Court will give the debtor until July 29, 2016, to file a written proffer of evidence to show that the creditor initially declined to take action after being notified of the bankruptcy and only took action after prodding from the debtor's counsel. If the debtor does not file such a proffer by July 29, 2016, the Court will enter an order awarding no damages under § 362(k). If the debtor does file such a proffer, then this matter may be the subject of further proceedings.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

On March 3, 2012, the debtor and Exeter Finance entered into a retail installment contract and security agreement for the purchase of a 2008 Saturn Aura [hereinafter, the Aura]. The debtor fell behind on her monthly payments to Exeter Finance in November of 2015. Due to the debtor's default, Exeter Finance

2

repossessed the Aura on February 14, 2016, and transported the vehicle to auction in Cincinnati, Ohio. The debtor filed her Chapter 13 petition on Tuesday, February 23, 2016, at 2:21 P.M. At 3:51 P.M. on February 23, 2016, debtor's attorney sent a fax to Exeter Finance requesting that the Aura be returned to the debtor (Docket No. 10-1). Debtor's attorney also emailed Exeter Finance the following day, Wednesday, February 24, 2016, requesting that the Aura be returned. Once Exeter Finance received notice of the debtor's bankruptcy and the request for the vehicle's return, Exeter confirmed with the servicer that the vehicle was being transported from the auction location to the local lot. At 12:13 P.M. on Friday, February 26, 2016, the servicer notified Exeter Finance that the Aura had arrived at the local lot. By 2:30 P.M. on Friday, February 26, 2016, Exeter Finance notified the debtor's attorney via email that the Aura had been released and was available for the debtor to pick up, approximately 72 hours after the debtor filed her Chapter 13 petition.

On Saturday, February 27, 2016, debtor's attorney filed the Motion to Appear and Show Cause upon Exeter Finance (Docket No. 10). When Exeter Finance received notice of the motion on February 29, 2016, Exeter Finance's attorney immediately contacted debtor's attorney via telephone. Debtor's attorney stated that he did not know whether the debtor had picked up the Aura and that he

3

did not have time to reach out to her. The debtor picked up the Aura on Monday, February 29, 2016, at 10:35 A.M.

On Saturday, February 27, 2016, debtor's attorney filed the Motion to Appear and Show Cause upon Exeter Finance (Docket No. 10). Exeter Finance filed a response to the motion on March 2, 2016 (Docket No. 14). The Court heard argument on the debtor's motion and creditor's response on May 4, 2016. On the same day, the Court issued a scheduling order directing the debtor to file a fee statement and itemized list of damages on or before June 2, 2016 (Docket No. 21). The debtor filed a fee statement and itemized list of damages on May 31, 2016 (Docket No. 26). Exeter Finance filed a response on June 16, 2016 (Docket No. 27). The Court then took this matter under advisement.

## DISCUSSION

The Court may impose damages for violation of the automatic stay under 11 U.S.C. § 362. The filing of a bankruptcy petition gives rise to the automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" 11 U.S.C. § 362(a)(3). Subsection 362(k)(1) (formerly subsection 362(h) prior to the 2005 bankruptcy amendments) provides:

. . . an individual injured by any willful violation of a stay provided by this

4

section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A creditor willfully violates the stay if the creditor knows of the stay and violates the stay with an intentional act. *See In re Sharon,* 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages against a creditor that refused to return a repossessed car postpetition); *see also In re Grine*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010). "A 'willful violation' does not require proof of a specific intent to violate the stay, but rather 'an intentional violation by a party aware of the bankruptcy filing.' " *In re Baer*, 2011 WL 3667511, *4 (Bankr. E.D. Ky. 2011) (quoting *In re Sharon*, 234 B.R. at 687).

Under 11 U.S.C. § 362(k)(1), the individual seeking damages has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. *See In re Collett*, 2014 WL 2111309, *4 (B.A.P. 6th Cir. 2014) (slip copy) (citations omitted); *see also In re Swartzentruber*, 2014 WL 2930450, *1 (Bankr. N.D. Ohio 2014); *In re Pawlowicz,* 337 B.R. 640 (Bankr. N.D. Ohio 2005). Under § 362(k), damages must be proven with reasonable certainty and cannot be based on conjecture or speculation. *See In*

5

*re Archer*, 853 F.2d 497, 499-500 (6th Cir. 1988). As the party seeking damages, the debtor has the burden of proving entitlement to damages. *In re Sharon*, 234 B.R. at 687.

The Court must decide: (1) whether the creditor's actions constitute a violation of section 362; (2) if the creditor has violated section 362, whether such violation was "willful"; and (3) whether the debtor is entitled to damages, including attorney's fees.

### *THE CREDITOR'S ACTIONS DID NOT CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362*

The Court's first inquiry is whether the creditor's actions violated the automatic stay. The filing of the debtor's voluntary petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The debtor asserts that the creditor violated the automatic stay by obtaining possession and control over property of the estate, namely retaining the Aura after receiving notice of the debtor's bankruptcy.

In this case, the debtor's vehicle was repossessed before the debtor filed for bankruptcy. Therefore, the creditor's act of repossessing the vehicle did not violate the automatic stay. However, a creditor can also violate the automatic stay by

6

failing to return a repossessed vehicle promptly after receiving notice of the bankruptcy. Once a creditor learns that a bankruptcy petition has been filed, the creditor has an affirmative duty to return the property to the debtor promptly and restore the status quo. *See In re Smith*, 876 F.2d 524, 526 (6th Cir. 1989) (creditor had not known of debtor's filing at the time of repossession but was, nonetheless, required to return vehicle).

The case law is unclear as to how quickly a creditor must act in returning the debtor's vehicle. *See In re Sharon*, 234 B.R. 676 (B.A.P. 6th Cir. 1999) (nine days was an unreasonable delay in returning vehicle); *In re Murphy*, No. 13-31348, 2014 WL 1089854 (Bankr. N.D. Ohio Mar. 19, 2014) (slip opinion) (21 days is an unreasonable delay). "While the Court does not expect instantaneous compliance with section 362 upon receipt of notice [of the bankruptcy], the Court does expect those acts which violate the automatic stay to be stopped and/or corrected within a reasonable time." *Dawson v. J & B Detail, LLC* (*In re Dawson*), Adv. No. 05-1463, 2006 WL 2372821 at *8 (Bankr. N.D. Ohio July 28, 2006). Presumably, such a determination can be fact specific, *e.g.*, whether the time period involved weekdays as opposed to a long holiday weekend, whether the vehicle had been transported to a different city, and whether the vehicle was repossessed prepetition as opposed to postpetition.

7

In the present case, the record to date shows that the creditor acted reasonably promptly in making the vehicle available to the debtor within three days of her bankruptcy filing. The debtor filed her voluntary petition on Tuesday, February 23, 2016, at 2:21 P.M., listing the creditor on Schedule D. At that time, the vehicle became property of the bankruptcy estate, and the automatic stay went into effect. §§ 541(a)(1), 362(a). Exeter Finance was notified via fax on Tuesday, February 23, 2016, of the debtor's bankruptcy. On the same day, debtor's counsel requested that Exeter Finance return the Aura to the debtor (Docket No. 10-1). Exeter Finance took immediate action to return the Aura to the debtor upon receiving notice of the debtor's bankruptcy, including: (1) having the servicer transport the Aura from Cincinnati, Ohio, to the local lot; and (2) notifying the debtor's attorney that the Aura was available for pick up within hours of the Aura's arrival at the local lot. The Aura was made available to the debtor on Friday, February 26, 2016, at approximately 2:30 P.M., in a local lot. The law is unclear whether a creditor must simply make a vehicle available to the debtor wherever the vehicle was located when the bankruptcy case was filed or whether the creditor must return the vehicle to the debtor. In this case, the creditor arranged for the vehicle to be transported to a location near the debtor.

There is no indication that Exeter Finance unreasonably delayed returning

the vehicle, which was made available to the debtor within three days of receiving notice. Nor is there anything in the record to suggest that Exeter Finance initially declined to take action after being notified of the bankruptcy and only took action after prodding from the debtor's counsel. Under these circumstances, the Court declines to find that Exeter Finance violated the automatic stay.

*THE CREDITOR'S VIOLATION OF THE STAY WAS NOT "WILLFUL"*

"A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." *In re Sharon,* 234 B.R. at 688. "As used in [current subsection 362(k)], 'willful,' unlike many other contexts, does not require any specific intent." *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). *See In re Sharon*, 234 B.R. at 687-88 (creditor's belief that its action would not violate stay does not preclude a finding that creditor's action was "willful" within meaning of section 362(k)). *See also Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.),* 977 F.2d 826, 829 (3d Cir. 1992). The debtor bears the burden of establishing by a preponderance of the evidence that the violation of the automatic stay was willful. *See In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007).

To the extent that Exeter Finance's possession of the vehicle for a short

9

period after receiving notice of the debtor's bankruptcy might constitute a technical violation of the automatic stay, the Court finds that any such technical violation was not willful. As previously explained, once Exeter Finance had knowledge of the debtor's bankruptcy case, it acted promptly to make the Aura available to the debtor.

## *THE DEBTOR IS NOT ENTITLED TO ACTUAL DAMAGES FOR THE CREDITOR'S VIOLATION OF THE AUTOMATIC STAY*

An award of actual damages is mandatory if the stay violation is willful. *In re Bivens*, 324 B.R. at 42; *In re Johnson,* 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000). *See United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005) (costs and attorney's fees are regularly awarded as actual damages for violation of the stay); *In re Sharon*, 234 B.R. at 687-88 (upholding a bankruptcy court's imposition of damages against a creditor for violation of the automatic stay). Because the Court finds that Exeter Finance did not willfully violate the automatic stay, the Court awards no damages, including costs and attorney's fees.

## CONCLUSION

For the reasons stated above, the Court finds that, based upon the current record, Exeter Finance did not willfully violate the automatic stay of 11 U.S.C. § 362 and awards no damages, including attorney's fees, under § 362(k).

Nevertheless, because the debtor has not waived her right to an evidentiary hearing, the Court will give the debtor until July 29, 2016, to file a written proffer of evidence to show that the creditor initially declined to take action after being notified of the bankruptcy and only took action after prodding from the debtor's counsel. If the debtor does not file such a proffer by July 29, 2016, the Court will enter an order awarding no damages under § 362(k). If the debtor does file such a proffer, then this matter may be the subject of further proceedings.

IT IS SO ORDERED.